UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CURTIS HOWELL,<br><br>      Plaintiff,<br><br>      v.<br><br>CITY OF LOWELL (MAYOR LEAHY),<br>LOWELL POLICE DEPARTMENT,<br>LOWELL REGIONAL TRANSIT<br>AUTHORITY,<br><br>      Defendants. | Civil Action No.<br>21-11974-AK |

## ORDER

**A. KELLEY, D.J.**

    1.    *Pro se* plaintiff Curtis Howell's ("Howell") motion to proceed *in forma pauperis* [Dkt. 2] is ALLOWED, except the motion for attorneys' fees and costs attached to that document [id. at 5–6], is DENIED without prejudice as premature. Howell's second motion to proceed in forma pauperis [Dkt. 13] is DENIED as MOOT. Because Howell is proceeding in forma pauperis, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2). Section 1915 authorizes the federal courts to dismiss an action in which a plaintiff seeks to proceed without prepayment of the filing fee if, among other things, the action fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2); Neitzke v. Williams, 490 U.S. at 325; Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Gonzalez-Gonzalez v. United States, 257 F.3d 31, 37 (1st Cir. 2001). In conducting this review, the Court liberally construes Howell's complaint because he is proceeding pro se. Hughes v.

1

Rowe, 449 U.S. 5, 9 (1980); Haines v. Kerner, 404 U.S. 519, 520 (1972); Instituto de Educacion Universal Corp. v. U.S. Dept. of Education, 209 F.3d 18, 23 (1st Cir. 2000).

2.      Howell shall, by **May 26, 2022**, file an amended complaint that complies with the basic pleading requirements of the Federal Rules of Civil Procedure and cures the defects identified or this action will be DISMISSED without prejudice.

Under the Rules, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2) (emphasis supplied), and "'give [each] defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957). That is, a "complaint should at least set forth minimal facts as to who did what to whom, when, where, and why—although why, when why means the actor's state of mind, can be averred generally." Educadores Puertorriqueños en Acción v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004). The claims must be "set forth in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Because it promotes clarity, "each claim founded on a separate transaction or occurrence. . . must be stated in a separate count." Id. In essence, the complaint must succinctly set forth as to each defendant what he claims they did (or failed to do), where it occurred, when it occurred, and the relief he seeks as to each defendant. Put another way, a complaint must clearly identify the claims and relief Howell seeks as to each defendant, and provide sufficient factual bases for each of the elements of the claims that he asserts. The caption must identify all defendants. Fed. R. Civ. P. 10(a).

The amended complaint [Dkt. 12 ("Am. Compl.")], while an improvement over the original complaint [Dkt. 1], seeks $50,500,000 against the City of Lowell (apparently through its Mayor in his official capacity), the Lowell Police Department, the Lowell Regional Transit Authority, and

the United States Department of Justice for violations of 28 U.S.C. § 1983 and 42 U.S.C. § 1981. Howell claims alleged mistreatment by unidentified, non-defendant Lowell police officers relating to his arrest and detention arising out of a May 19, 2019 incident and of later failing to investigate a sexual assault and log a Department of Justice complaint. [Am. Compl. at ¶¶ 47–52, 55–56]. He separately claims that a bus driver hit a plastic partition while his hand was on it, yelled at him, and made a racial remark to him concerning his sitting in the front of the bus. [Am. Compl. at ¶¶ 53–55]. Howell apparently claims the Department of Justice took no action after he filed a complaint and requested assistance from it.

As for the claims relating to the Lowell police officers' conduct, Howell names the Mayor apparently in his official capacity, see Am. Compl. caption ("City of Lowell (Mayor Leahy)") and ("Lowell Police Department"), as applicable to these claims. While this is, of course, Howell's choice to not sue individual defendants in their personal capacities, "[a] suit against a public official in his official capacity is a suit against the governmental entity itself." Surprenant v. Rivas, 424 F.3d 5, 19 (1st Cir. 2005). "Municipalities cannot be held liable for the constitutional violations of municipal employees pursuant to the doctrine of respondeat superior," Welch v. Ciampa, 542 F.3d 927, 941 (1st Cir. 2008) (citing Monell v. Dep't of Social Servs., 436 U.S. 658, 691 (1978)), meaning that the City is not vicariously liable for the conduct of its officers because of its relationship to those officers. Rather, "municipalities can be liable for constitutional violations only if the violation occurs pursuant to an official policy or custom." Id. Here, Howell does not plausibly allege the violation of any City policy or custom. Accordingly, the Section 1983 claim as to the named defendants in this action, and as pleaded, is subject to dismissal.

As for claims under 28 U.S.C. § 1981 against the City, the "'exclusive federal remedy for violation of the rights guaranteed in § 1981 by state governmental units' is section 1983." Alston

v. Town of Brookline, 997 F.3d 23, 42 (1st Cir. 2021) (quoting Buntin v. City of Boston, 857 F.3d 69, 70-71 (1st Cir. 2017)). "Thus, a plaintiff 'may not bring claims for damages under 42 U.S.C. § 1981 against state actors.'" Id. (citations and quotations omitted).  Further, there are no plausibly pleaded allegations made with respect to the identified defendants denying equal access to goods, services, and accommodations of public services under 42 U.S.C. § 2000a, and disability discrimination under 42 U.S.C. § 12133.  Thus, all of the remaining pleaded bases for liability of the City are subject to dismissal.

As to the claims concerning the Lowell Regional Transportation Authority ("LRTA"), similar to the Massachusetts Bay Transportation Authority, the LRTA is an agency of the state and therefore not a "person" under Section 1983.  See Fraser v. Massachusetts Bay Transportation Auth., 544 F. Supp. 3d 148, 164 (D. Mass. 2021) (dismissing Section 1983 claim against the MBTA because not a person under that statute); Powell v. MBTA, CV 20-10120-RGS, 2020 WL 708536, at *2 (D. Mass. Feb. 12, 2020) (holding that "as an agency of the Commonwealth, the MBTA cannot be sued under § 1983").  The Lowell Regional Transportation Authority was established as "a political subdivision of the Commonwealth [of Massachusetts]" and includes the "city of Lowell and the towns of Billerica, Chelmsford, Dracut, Tewksbury, Tyngsboro and Westford." Mass. Gen. Laws Ann. ch. 161B, § 2.  Accordingly, as an arm of the state it is not a "person" under Section 1983.  Further, Section 1981 claims against the LRTA fail for the same reasons as against the City.  See Alston v. Town of Brookline, 997 F.3d at 42; Brooks v. Martha's Vineyard Transit Auth., 433 F. Supp. 3d 65, 76 (D. Mass. 2020) (ruling Martha's Vineyard Transportation Authority not amenable to a Section 1981 action).

With respect to the Department of Justice, it appears that while Howell complains about the Department of Justice's failure to relocate him, the Statement of Claims only refers to the

Lowell Police's failure "to investigate the sexual assault against [him] at [his] home and did [sic] log in the evidence nor the department of justice complaint." [Am. Compl. at ¶ 56]. On these sparse facts no claim is plausibly pleaded. Moreover, even presuming, without ruling, that the claim properly alleged "a constitutional tort for failure to investigate the crimes of government officers and employees in violation of <u>Bivens v. Six Unknown Fed. Narcotis Agents</u>, 403 U.S. 388 (1971) or the Federal Torts Claims Act, . . . a federal agency is not a proper party in a <u>Bivens</u> action, see <u>Federal Deposition Ins. Corp. v. Meyer</u>, 510 U.S. 471 (1994), or in a FTCA suit, see <u>Galvin v. Occupational Safety & Health Admin.</u>, 860 F.2d 181 (5th Cir. 1988); <u>Hooker v. S. Ct. U.S.</u>, CV 04-3454, 2005 WL 8173979, at *3 (E.D. La. May 27, 2005). Accordingly, the action against the Department of Justice is subject to dismissal.

Finally, although Howell recites statutes 42 U.S.C. § 2000a-6 and 42 U.S.C. §12133 as bases for liability of all of the defendants, Howell fails to separately set forth sufficiently pleaded factual allegations for liability as to each defendant as to each statute. He is provided an opportunity to do so now.

At this stage, it is unfair to require the defendants to respond to the complaint in its current form. Accordingly, to the extent Howell wishes to proceed, he shall file an amended complaint. The amended complaint – a new, stand-alone document – must set forth plausible claims upon which relief may be granted. In preparing the amended complaint, Howell should not set forth his claims in a narrative format. Rather, any amended complaint should, in sequentially numbered paragraphs, focus on the legal claims separately against each defendant, along with the basis for such claims. The complaint must include separate counts. In other words, Howell should set forth plausibly pleaded facts as to who did what to whom, when, and where. He should not assert multiple claims against a defendant in one count; rather, he should identify separately each claim

and the grounds therefore.  If an amended complaint is filed, it will be further screened.  While Howell may include exhibits that are relevant to the claims, see Fed. R. Civ. P. 10(c), use of exhibits does not excuse Howell of his responsibility to clearly and succinctly set forth the relevant allegations in the body of the complaint.  All defendants must be identified in the case caption as per Fed. R. Civ. P. 10(a).  The amended complaint must also comply with Local Rule 5.1.

3. The motion for court costs and to compel rulings [Dkt. 7], motions to correct clerical errors [Dkts. 6, 8, and 25], motions for attorneys' fees and costs [Dkts. 9 and 19], motions for default judgment [Dkts. 18, 22, and 31], motion to request notice of rulings [Dkt. 16], motion for summary judgment [Dkt. 17], and motions for relief [from] judgment [Dkts. 15 and 30] are each DENIED without prejudice.  By this Order, Howell is being provided an opportunity to amend his complaint.  With respect to advancing funds to the plaintiff, Howell's in forma pauperis status does not mean that the Court will advance him funds for litigation expenses or pay for an attorney. If summonses issue, the Court will issue an order that the costs of service be advanced by the United States and performed by the United States Marshals Service.  Summonses have not yet issued and will not issue pending screening of a further amended complaint.  Further, in general, in forma pauperis litigants are not entitled to free document copies or court transcripts.  As for a motion for summary judgment, it is premature where summonses have not issued in this action and no discovery has been undertaken. Typically, such motions are undertaken after discovery has closed.  As for notice of rulings, any such rulings will be sent via mail to Howell at his address of record.  No party is in default at this stage.  Finally, all of the motions fail to comply with the procedural requirements of the Local Rules of this Court.  See L.R. 5.1 and 7.1.

4.  Lowell Regional Transportation Authority's motion to dismiss [Dkt. 26] is DENIED without prejudice pending the filing of an amended complaint as a result of this screening. The Court takes no position on the merits of the motion, but Howell may consider the arguments raised therein when preparing his amended complaint. The Court observes that summonses have not yet issued and the amended complaint will be screened under 28 U.S.C. § 1915(e)(2)(B). Therefore, it is hereby ordered that no defendant, including the LRTA, is required to respond in this action to the amended complaint by Howell unless and until this Court orders the issuance of a summons directed to that party.

5.  Howell shall only file documents in this action that pertain to this action and no other. Furthermore, filings in this Court must comply with the Federal Rules of Civil Procedure and Local Rules of this Court, specifically, but not limited to, Local Rules 5.1 and 7.1.[1] Howell is warned that his failure to comply with this order will likely result in future sanctions, including, but not limited to, limiting his ability to proceed in this Court.

It appears that Howell recently filed four separate civil actions[2] before three judicial officers. Many of Howell's filings in this action contain captions of, and appear to seek relief in, his other proceedings. Howell has also filed a "notice of appeal" [Dkt. 24] of other courts' rulings in this action. Each action is separate from the others, and this blanket approach to filings is procedurally improper and wastes scarce judicial resources. Furthermore, Howell's filings are not in the correct format under Local Rules 5.1 and 7.1.

---

[1] The Local Rules of the United States Court for the District of Massachusetts can be found at https://www.mad.uscourts.gov/general/rules-home.htm.

[2] In addition to this action, Howell is also pursuing the following civil actions in the District of Massachusetts: (1) Howell v. Middlesex Cmty. Coll., et al., C.A. No. 21-11976-JGD (pending); (2) Howell v. Dep't,of Housing et al., C.A. No. 21-11978-ADB (dismissed); and (3) Howell v. Massachusetts v. Attorneys Gen, et al., C.A. No. 21-11979-ADB (pending). He has already been warned not to file multiple-captioned documents. See Howell v. Dep't,of Housing et al., C.A. No. 21-11978-ADB (pending) at Dkt. 30.

"As a general matter, it is clear that federal courts have inherent authority to take some actions not expressly authorized by rule or statute when such actions are needed to facilitate or safeguard legal proceedings." In re Pet. for Or. Directing Release of Records, 27 F.4th 84, 88–89 (1st Cir. 2022). "For example, courts possess inherent authority to . . .fashion an appropriate sanction for conduct which abuses the judicial process . . . and generally to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." Id. at 89 (citations and quotations omitted). In addition, Howell's "pro se status does not excuse [him] from complying with procedural and substantive law," including the Federal Rules of Civil Procedure and the Local Rules of this Court. McClinton v. Suffolk County Jail, CV 19-11315-JCB, 2021 WL 5054448, at *2 (D. Mass. Nov. 1, 2021); Monahan v. Sabatis, 2014 WL 12703711, at *2 (D. Mass. Dec. 16, 2014) ("Compliance with local rules of procedure is mandatory, even for pro se parties."). Indeed, Local Rule 1.3 is clear that "failure to comply with any of the directions or obligations set forth in, or authorized by, [the Local] rules may result in dismissal, default, or the imposition of other sanctions as deemed appropriate by the judicial officer." L.R. 1.3.

The Court's requirement of strict compliance with the Federal Rules of Civil Procedure and the Local Rules is neither a mere technicality nor a punishment. The purpose of the Federal Rules of Civil Procedure rules is to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. It is not surprising that this is the first rule of the Federal Rules of Civil Procedure. Litigation is a tremendous expenditure of limited resources of the parties and the Court. Moreover, the function of the Court is not limited to Howell's disputes, but all litigants in this Court. Without disciplined adherence to the rules, an already time-consuming process would effectively grind to a halt. Filing papers that do not

conform to the rules, flooding different judges in this district with identical, repetitive requests, and inappropriately using procedural vehicles (such as filing a notice of appeal of other cases) only slows down the process.  Howell is admonished to <u>concisely</u>, but sufficiently, provide information to the Court and other litigants so that the process of litigation can function.  Simply put, more is not always more.

      The Court attributes Howell's litigation conduct to his legal inexperience.  However, Howell's legal inexperience is no longer an excuse for failing to comply with the rules.  He is now on notice that a blanket approach to motions, filing non-conforming papers, or otherwise proceeding in a manner that clogs the dockets of this district is improper and will not be tolerated.  The Court trusts that Howell will conform his filings to the requirements of the Federal Rules of Civil Procedure and the Local Rules of this Court.

      6.      Howell's failure to comply with this Order will likely result in sanctions, including but not limited to dismissal of this action.  Summonses shall not issue absent further order of the Court.

**SO ORDERED.**

May 5, 2022                                                                      /s/ Angel Kelley
                                                                                   ANGEL KELLEY
                                                                                 U.S. DISTRICT JUDGE